PeR Curiam.
This suit was originally brought before a justice of the peace, by Surget, for rent; and the justice gave *158 judgment for $20, the amount claimed. An appeal was taken to the circuit court, where a verdict was had in accordance with the previous judgment.
The first objection taken to the proceedings, is, that the action was debt, before the justice; and the plaintiff below declared in assumpsit, in the circuit court. The only thing a justice has to determine, is, the question of indebtedness, without regard to the technical form of the action. His is not a common law court.
Another objection is, to the refusal to give the charge asked, which was, that if Stier did not occupy the house and lot, for the time specified, the jury should find for him. Under the evidence, this charge would have been improper. Surget sought to recover on an express agreement to pay rent, and it was therefore immaterial whether Stier had occupied or not. At common law, an action of assumpsit may be sustained on an express agreement to pay rent, and the occupancy of the defendant is then immaterial.
It is also said, the proof varied from the allegation in the declaration. In the declaration, the occupation is alleged, as by the request of defendant, and by the permission of the plaintiff. The proof is, that the defendant agreed to pay the plaintiff ten dollars per month, for the rent of the premises. In appeals from justices, the circuit court acts as an appellate court; it has only such jurisdiction as the justice had ; and the case must he tried de novo on its merits. This was not such a variance as to affect the merits; and that was the only thing the court had to try. But for a variance, the proper course is to exclude the proof; and no motion to that effect was made. The testimony was admitted without objection.
A motion was made for a new trial, which was overruled. The plaintiff was sworn ; and stated that he had agreed to rent the house and lot to defendant, and considered him as his tenant. The defendant was also sworn; who stated that he did not occupy the house during the two months mentioned in the declaration, having sold out his interest to a third person; that he had never rented the house of plaintiff at any time, but *159 had agreed to pay him ground-rent for the lot,/which he admitted to be due, on the trial before the justice. The defendant claims to be the owner of the house. The matter stands thus : The plaintiff, Surget, claims twenty dollars for rent of a house and lot; the defendant admits that he owes twenty dollars for the rent of the lot alone. The merits then are obvious. The controversy, as to the ownership of the house, having nothing to do with the rights of the parties in this suit. Whether ownership of the house can be separated from the lot, is not now a question. A party might, under certain circumstances, become liable in this form for the rent of his own house.
Judgment affirmed.